JAMES MURRAY vs. THE WORCESTER COAL COMPANY.

The plaintiff, master of a barge arriving in port with a cargo of coal con-
signed to the defendant, gave him notice that he was at the dock and
"desired to be discharged." Held, in view of the well understood
duties of masters of vessels and consignees in such cases, that it must
be taken to mean that the plaintiff desired the defendant to receive
the cargo. . .

The complaint alleged that the defendant "neglected and refused to dis-
charge the plaintiff in a reasonable time, but improperly and unlaw-
fully detained him and his barge an unreasonable time." Held to be
a sufficient averment, especially after verdict, of a neglect and refusal
of the defendant to receive the cargo.

[Argued June 1st—decided July 3d, 1883.]

ACTION for demurrage; brought, by appeal from a justice
of the peace, to the Court of Common Pleas for New Lon-
don County, and tried in that court to the jury, before
*Mather, J.* Verdict for the plaintiff; motion in arrest of
judgment for the insufficiency of the complaint; motion
overruled, and appeal by the defendants. The case is
sufficiently stated in the opinion.

*J. Halsey* and *W. A. Briscoe,* for the appellants.

*D. G. Perkins,* for the appellee.

CARPENTER, J. . The complaint alleged:—

1. That the plaintiff is the owner and master of the barge
James Murray.

2. That he received on board the barge a cargo of coal
consigned to the defendant at Norwich. .

3. That he arrived at said port and having got into a
proper berth for discharging notified the defendant of such
fact and that he desired to be discharged.

4. That the defendant, without any fault on the part of
the plaintiff, neglected and refused to discharge the plaintiff
in a reasonable time, but improperly and unlawfully de-
tained him and his said barge an unreasonable time, &c.

The first three paragraphs were admitted; the fourth was denied. A verdict was returned for the plaintiff; a motion in arrest was filed for insufficiency of the complaint; the motion was overruled, and the defendants appealed.

Language used in pleading must be interpreted with reference to the subject matter to which it is applied. The reciprocal duties of masters of vessels and consignees are simple and well understood—the master to deliver, and the consignee to receive the cargo. To receive a cargo is to furnish a suitable place or receptacle in which to deposit it. When the plaintiff got into a proper berth for discharging and notified the defendant of that fact, and that he desired to be discharged, the defendant must have understood that his vessel was in such a berth, and that he was desired to afford proper facilities for unloading it. When the plaintiff used the same language in describing his cause of action, although not so simple and direct as it might have been, yet it was language which in common speech was adapted to the subject matter and must have been understood as it was intended. If there was any doubt the fourth paragraph probably removed it. "The defendant neglected and refused to discharge the plaintiff * * but improperly and unlawfully detained him and his said barge," when spoken of a consignee with reference to a vessel just arrived in port with a cargo, is reasonably free from ambiguity. To discharge such a vessel is a twofold act—to deliver, to receive. It is the duty of the master to deliver,—of the consignee to receive. These two acts are mutually dependent, and together constitute a discharge. Neither could be performed without the other. When it is said that the defendant refused to discharge, it is equivalent to saying that the defendant refused to do that which was essential to a discharge—to receive the cargo. It can hardly be interpreted as meaning that the defendant refused to hoist the cargo from the hold, or to perform any other duty incumbent on the master.

The allegation that the defendant unlawfully detained the plaintiff's barge has reference of course to the facts

previously stated, and means that the defendant omitted some duty. Taking the whole complaint together and considering it in the light of the facts to which it refers, the duty omitted is obvious enough.

We think the complaint is sufficient, especially after verdict, as we must presume that the plaintiff proved that the defendant neglected to receive the coal. The averment is defective in form not in substance. There is no error.

In this opinion the other judges concurred.